```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
TEDDY SANTANA,

                    Petitioner,
                                              ORDER
          -against-                           15-CR-0457 (JS)


UNITED STATES OF AMERICA,

                    Respondent.
-----------------------------------X
APPEARANCES
For Petitioner:     Teddy Santana, Pro Se
                    #68955-053
                    Edgefield Federal Correctional Institution
                    P.O. Box 725
                    Edgefield, South Carolina  29824

For Respondent:     No appearance.
```

SEYBERT, District Judge:

Currently before the Court is the motion of pro se Petitioner Teddy Santana ("Petitioner") asking this Court to reconsider its May 13, 2022 Memorandum & Order (hereafter, the "Section 2255 M&O") denying his Section 2255 motion "because there are material, factual and legal matters overlooked in the [Section 2255 M&O]." (Reconsider Motion, ECF No. 114, ¶ 4.[1])  For the reasons that follow, the Reconsider Motion is DENIED.

---

[1] In his Reconsider Motion, Petitioner also sought additional time to supplement said Motion. (See ECF No. 114, ¶¶ 2-3.)  The Court granted that request, ruling: "To the extent [Petitioner] Santana seeks to supplement his Motion for Reconsideration with additional facts, evidence, and a support memorandum, he shall have until September 30, 2022 to do so, which deadline will not be extended absent extraordinary circumstances."  (JS June 30, 2022 Elec.

BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case as articulated in its Section 2255 M&O, which "Background" section is incorporated by reference herein.[2]  (See Section 2255 M&O at 2-7 (regarding the relevant factual background), and at 7-9 (regarding the relevant procedural background).)  However, for the reader's convenience, the Court delineated the following claims Petitioner asserted in his Section 2255 Petition:

> (1) insufficient evidence to support his conviction; (2) the violation of his Fourth Amendment rights caused by his cell phone being searched; (3) the Government engaged in outrageous conduct through entrapment; (4) his conviction violated double jeopardy; (5) the Government fostered and presented perjury; (6) there was a chain-of-custody violation and illegal handling of evidence; (7) ineffective assistance of counsel; and (8) ineffective assistance of appellate counsel. As part of his ineffective assistance of counsel claim, Petitioner alleges various failures by counsel, i.e.: (1) failure to call pertinent witnesses; (2) failure to object to inadmissible hearsay; (3) failure to raise a newly recognized Fourth Amendment right; (4) failure to present a personal-use defense; and (5) failure to present an entrapment defense. (See Petition at 7-8; Support Memo at 16-24.)

---

Order, ¶ 3.)  To date, Petitioner has not supplemented the Reconsider Motion.  Indeed, there has been no activity in this case as to Petitioner Santana since the Court's June 30, 2022 Order.  (See Case Docket, in toto.)  Accordingly, the Court deems the Reconsider Motion fully briefed.

[2]  The Court further assumes the parties' familiarity with the terms of art defined in the Section 2255 M&O.

(Section 2255 M&O at 8-9 (internal citations and footnote omitted).) Thoroughly addressing each claim but finding them to be without merit, the Court rejected them all; therefore, Petitioner's Section 2255 motion was denied in its entirety. (See id. at 33.)

In the face of the Court's denial of his Section 2255 motion, Petitioner now asserts he "believes that he can offer additional evidence and proof which will change the [C]ourt's decision in the above-mentioned matter." (Reconsider Motion at ¶ 3.) However, notwithstanding the Court affording him the requested additional time to do so, Petitioner has neither proffered nor, even, identified any additional evidence or proof.

## DISCUSSION

I. Applicable Law

While the pleading of pro se litigants are generally entitled to liberal construction and "should be read 'to raise the strongest arguments that they suggest,'" United States v. Rodriguez, No. 93-CR-0549, 2021 WL 2444564, at *1 (S.D.N.Y. June 15, 2021) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001); further citation omitted), "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Id. (quoting In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011); further citation

omitted).  The reconsideration standard is well-settled as recently and succinctly reiterated by District Judge John F. Keenan of the Southern District of New York:

> Borrowing from the civil context, the legal standard governing criminal motions for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.  Compelling reasons for granting a motion for reconsideration are limited to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.

Rodriguez, 2021 WL 2444564, at *1 (internal quotation marks, modifications, and citations omitted); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (quotation marks omitted; emphasis added).

II.  Application

Upon the record presented, the Court finds no compelling reason to grant the Reconsider Motion.  Indeed, despite having

been afforded an additional three months of time to do so,[3] Petitioner has not pointed to any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Rather, what is before the Court is Petitioner's unpersuasively vague contention that he "can offer additional evidence and proof." (Reconsider Motion at ¶ 3.) Without more, however, this is too vague to warrant reconsideration. Moreover, Petitioner's claim that he has "previously stated in prior filings facts and circumstances that he wishes to incorporate by reference" (id. at ¶ 8), is little more than a poor attempt to relitigate old issues, that is not a basis for granting reconsideration. Finally, to the extent Petitioner "seeks relief under Section 2255" (id. at ¶ 10), that request is blatantly seeking a second bite at the proverbial apple. Since, the Court has thoroughly considered -- and denied, as being without merit -- Petitioner's Section 2255 motion (see Section 2255 M&O), there is no need to correct any clear error or prevent a manifest injustice by way of reconsideration of the Section 2255 M&O (or, for that matter, at this point, a successive Section 2255 motion). In sum, and despite Petitioner having been provided extra time to supplement his Reconsider Motion, on the record presented,

---

[3] The Court further notes that it has been almost six months since the Court granted Petitioner's requested extension; yet, the Court has not received any correspondence -- timely or otherwise -- from Petitioner. (See Case Docket, in toto.)

the Court finds: (1) no new evidence to be considered; (2) no clear error to be corrected; and (3) no manifest injustice to be prevented.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Reconsider Motion (ECF No. 114) is DENIED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   December 20, 2022
         Central Islip, New York