UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

    -against-                 ORDER
                                No. 15-CR-0457 (JS)
TEDDY SANTANA,

          Defendant.

-------------------------------X

APPEARANCES

For Defendant:     Teddy Santana, Pro Se
                68955-053
                Edgefield Federal Correctional Institution
                P.O. Box 725
                Edgefield, South Carolina  29824

For United States: Charles N. Rose, Esq.
                United States Attorney's Office
                Eastern District of New York
                610 Federal Plaza
                Central Islip, New York  11722


SEYBERT, District Judge:

        Currently before the Court is the pro se motion of Defendant Teddy Santana ("Defendant") seeking compassionate release in the form of a sentence reduction (hereafter, the "Motion"). (See Motion, ECF No. 116; see also Reply, ECF No. 120.) The Government opposes the Motion. (See Opp'n, ECF No. 118.)  For the following reasons, the Motion is **DENIED**.

      [Remainder of page intentionally left blank.]

<u>RELEVANT BACKGROUND</u>

I.    <u>Defendant's Underlying Convictions</u>

        The Court assumes the parties' familiarity with Defendant's convictions.[1]  By way of general background and for the reader's convenience, the Court provides the following summary.

        Defendant was arrested on May 12, 2014 and charged in a two-count superseding indictment with conspiracy to distribute heroin and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(iii), and 851(a). (See Superseding Indictment, ECF No. 9; Presentence Investigation Report ("PSR"), ECF No. 67, ¶¶ 2-3.)  A jury convicted Defendant on both counts after a two-week trial.  (See Case Docket, May 12, 2016 Docket entry re: Jury Verdict.)  Given his prior convictions, Defendant qualified as a "career offender" for sentencing purposes. (PSR ¶ 8; id. ¶¶ 21-54 (summarizing Defendant's criminal history).)   As a result, the U.S. Probation Department ("Probation") calculated Defendant's advisory Guidelines range at

---

[1]  The Court incorporates by reference the background sections provided in its earlier decisions denying Defendant's initial compassionate release motion and denying his Section 2255 habeas motion.  See, e.g., United States v. Santana, No. 15-CR-0457, 2021 WL 1999406 (E.D.N.Y. May 19, 2021) (denying Defendant's initial motion for compassionate release) (also found in the Case Docket at ECF No. 112); and, United States v. Santana, No. 15-CR-0457, 2022 WL 1527269 (E.D.N.Y. May 13, 2022) (denying Defendant's Section 2255 habeas motion) (also found in the Case Docket at ECF No. 113).

262 to 327 months' incarceration.    (Id. ¶ 75; Probation's Sent. Recommend., ECF No. 67-1, at 1.)  On February 3, 2017, this Court sentenced Defendant to a term of imprisonment of 180 months, followed by five years of supervised release. (See Sent'g J., ECF No. 80.)  When explaining the variance, this Court noted the Defendant's history of drug dependence, but added "[t]he [D]efendant displayed a total lack of remorse and perjured himself at the trial.  He continues to blame everyone else. He is a life-long distributor of illegal drugs at street-level quantities." (Stmt. of Reasons, ECF No. 81 (under seal), at 3.)

Defendant is currently 56-years-old and is serving his sentence at Federal Correctional Institution ("FCI") Edgefield; he has an anticipated release date of May 19, 2026.  See Find an Inmate, BOP, https://www.bop.gov/inmateloc/index.jsp (last visited July 9, 2025).

## II.  Prior Relevant Procedural History

On December 9, 2020, Defendant filed a motion for compassionate release, arguing "health concerns surrounding the COVID-19 pandemic and his underlying medical conditions" warranted his immediate release.  On May 19, 2021, this Court denied Defendant's initial motion. (See Memo & Order, ECF No. 112.)  In addition to finding Defendant had not established "extraordinary and compelling" reasons to modify his sentence, the Court also

found consideration of "the Section 3553(a) factors weigh[ed] against his release."  (Id. at 12.)

On February 27, 2023, Defendant submitted a renewed request for compassionate release.  (See Motion.)  Defendant's Motion raises four arguments in support of compassionate release: (1) an alleged change in his status as career offender; (2) the harsh conditions of confinement due to the COVID-19 Pandemic;(3) Defendant's "extensive rehabilitation efforts"; and, (4) the absence of programming as a result of the Pandemic.  (See Motion.)

On March 14, 2023, the Government lodged its Opposition. (See Opp'n.)  It argues a change in Defendant's status as career offender would go against Second Circuit precedent and none of Defendant's other arguments "put forth any greater basis than what the Court already rejected in connection with the [D]efendant's first motion for compassionate release."  (Id. at 4.)

On May 5, 2023, Defendant filed a Reply.  (See ECF No. 120.)  In it, Defendant reiterates his argument for a change in his status as a career offender.  Additionally, Defendant has made supplemental filings in support of his Motion.  (See ECF Nos. 117, 123, 124, 125, 126, 127.)  In said filings, Defendant provides the Court with updates regarding his general demeanor and completed coursework.

DISCUSSION

I.    Applicable Law

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)).  The First Step Act ("FSA"), which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A) (emphasis added); see also United States v. Thrower, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020).  "The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) [F]actors warrant reduction." United States v. Hunter, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)).  "A defendant's failure to exhaust administrative remedies is a threshold matter preventing the [c]ourt from considering a Section 3582

application[, i.e., a motion for compassionate release]." United States v. Robinson, No. 10-CR-0789, 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022) (quoting United States v. Alvarez, No. 89-CR-0229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020)). And, "[i]f any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements." Hunter, 2022 WL 2288688, at *1 (citing Keitt, 21 F.4th at 72-73); see also, e.g., United States v. Pimentel, No. 23-7096-CR, 2025 WL 783730, *2 (2d Cir. Mar. 12, 2025) (summary order) (affirming district court's denial of compassionate release where lower court's denial was based solely on applying Section 3553(a) Factors, which it found did not warrant consideration of proffered extraordinary and compelling reasons; quoting Keitt).

Where exhaustion is satisfied, in their consideration of motions brought pursuant to the FSA, courts are not restricted to the Sentencing Commission's applicable policy statements, but may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also Keitt, 21 F.4th at 71 ("A court deciding a compassionate release motion can consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it].'" (alteration in original) (quoting Brooker, 976 F.3d at 237)). Indeed, "[t]he only statutory

limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Brooker, 976 F.3d at 237-38 (emphasis and alteration in original) (quoting 28 U.S.C. § 994(t)); see also Ambrosio, 541 F. Supp. 3d at 254 (same).

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) [F]actors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) [F]actors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted); see also Pimentel, 2025 WL 783730, at *2; United States v. Jones, No. 22-2008-CR, 2023 WL 8613867, at *2 (2d Cir. Dec. 13, 2023) (same). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." United States v. Sellick, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (summary order) (citing United States v. Jones, 17 F.4th 371, 375 (2d Cir. 2021)); see also United States v. Friedlander, No. 20-CR-0441, 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022) ("A defendant 'bears the burden of showing that his release is justified.'" (quoting United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020)).

II.   <u>Application</u>

    A.   <u>Exhaustion</u>

        Defendant submitted a request for compassionate release to the BOP on January 12, 2023. (<u>See</u> Response to Inmate Request, Ex. A, <u>attached to</u> Motion.)  On January 27, 2023, the BOP denied Defendant's request. (<u>See</u> <u>id.</u>)  While unclear from his submission whether Defendant appealed the denial, the Court "need not wade into the exhaustion question because more than 30 days have lapsed since the warden . . . received [Defendant's] petition for compassionate release."  <u>United States v. Genovese</u>, No. 18-CR-0183, 2020 WL 4004164, at *2 (S.D.N.Y. July 15, 2020) (citations omitted).  In any event, the Government "does not oppose the Court's addressing the [M]otion on the merits." (Opp'n. at 3 n.2.) Thus, the Court turns to the merits of Defendant's Motion.

    B.   <u>Defendant has Failed to Establish</u>
        <u>Extraordinary and Compelling Circumstances</u>

        Defendant asks the Court to consider: (1) a purported change in his status as a career offender; (2) the harsher and more punitive nature of his incarceration due to the Pandemic; (3) his rehabilitative efforts; and (4) the absence of programming due to the Pandemic.

        [Remainder of page intentionally left blank.]

1. Purported Change in Status as Career Offender

Defendant argues his status as a career offender has been called into question by decisions made in other circuits, with such appellate courts having held "the inclusion of inchoate offenses erroneously expands the plain language of USSG § 4B1.2." (Motion at 8; see also id. at 9.)  However, as the Government argues, and as Defendant concedes, "the Second Circuit has not yet overruled the historical precedent." (See Opp'n, Motion at 6.)  It asserts, "Regardless of whether other circuit courts are debating the validity of the consideration of the defendant's crimes of convictions as qualifying 'controlled substance offenses,' Second Circuit precedent to the contrary cannot be seriously considered by the Court as an 'extraordinary and compelling reason' for relief." (Id. at 4 (citing United States v. Richardson, 958 F.3d 151, 154-55 (2d Cir. 2020) (rejecting argument that inchoate crime of conspiracy to distribute a controlled substance is not a "controlled substance offense"))); see also United States v. Hattersley, Nos. 24-1700, 24-1701, 2025 WL 1122511 (2d Cir. Apr. 15, 2025) (summary order) (quoting Richardson).  The Court, bound by Second Circuit precedent, agrees.  See generally New York by James v. Rescue, 705 F. Supp. 3d 104, 119 n.16 (S.D.N.Y. 2023) (relying upon Barton v. Ne. Transp., Inc., No. 21-CV-0326, 2022 WL 203593, at *11 (S.D.N.Y. 2022), for general tenet that "district courts are bound by the decisions of the Supreme Court of the

United States and those of the Circuit Court of Appeals in their own circuit" (citation modified; emphasis added)).  Hence, the Court finds Defendant's career-offender-based argument neither extraordinary nor compelling and rejects it as grounds for granting his Motion.

> 2. Alleged Harshness of Incarceration and the Absence of Programming

Defendant claims he suffered undue harshness while incarcerated and he "has been denied the opportunity to reduce his sentence through educational good time credits." (Motion at 7, 16-17.)  Given Defendant's programming argument is Pandemic-dependent, the Court considers these arguments together.

"Undoubtedly, 'a day spent in prison under extreme lockdown and in well-founded fear of contracting a once-in-a-century deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison.'"  United States v. Johnson, 671 F. Supp. 3d 265, 281 (E.D.N.Y. 2023) (quoting United States v. Mcrae, No. 17-CR-0643, 2021 WL 142277, at 5* (S.D.N.Y. Jan. 15, 2021)).  Consequently, "particularly for defendants who have (i) served long sentences and (ii) been detained for the entirety of the pandemic," courts have been willing to conclude that "pandemic-induced conditions of confinement can constitute extraordinary and compelling circumstances warranting compassionate release."  Id. (quoting United States v. Oquendo, No. 13-CR-0357, 2023 WL 199609, at *5 (S.D.N.Y. Jan. 17, 2023),

and collecting cases) (emphasis added); see also United States v. Russo, 643 F. Supp. 3d 325, 333 (E.D.N.Y.) ("In addition to the health risks posed by the pandemic, the restrictions at [federal correctional facilities] during the pandemic have made [defendants'] incarceration[s] much more punitive than originally contemplated at the time of sentencing[s].") (citing United States v. Rodriguez, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020)).

Yet, to the extent Defendant claims the Pandemic has made his incarceration more punitive than anticipated, "these hardships do not set [him] apart from the rest of the BOP inmate population and therefore do not, alone, constitute extraordinary and compelling reasons for his release.'" United States v. Johnson, No. 98-CR-0860, 2021 WL 1207314, at *4 (E.D.N.Y. Mar. 31, 2021); see also, e.g., United States v. Veliu, No. 17-CR-0404, 2022 WL 248240, at *5 (E.D.N.Y. July 6, 2022) ("[T]he conditions of confinement during the pandemic [do not] give rise to extraordinary and compelling circumstances. Although the Court acknowledges that 'the pandemic has made prison conditions harsher than usual, those are circumstances that all inmates have to endure. While the Court does not minimize those difficulties, they do not rise to the level of extraordinary and compelling.'") (quoting United States v. Johnson, No. 18-CR-0907 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021)); United States v. Pinto-Thomaz, 454 F. Supp. 3d 327, 329 (S.D.N.Y., 2020) (observing "it is hard

to see how" the BOP's implementation of various protocols in attempting to contain the spread of COVID-19 "ma[d]e the situations of [defendants] 'extraordinary' in terms of the statutory requirement, for in these respects [the defendants] are no different from of host of other prisoners"). Standing alone, the harshness of conditions Defendant faced during the Pandemic were the same as those endured by his fellow inmates; in that sense, they were not extraordinary. See, e.g., United States v. Martinez, No. 03-CR-1049, 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022) ("[G]eneralized COVID-19 concerns are not regarded as extraordinary and compelling reasons for compassionate release." (citations omitted)). Nor, given the record, is this a case where, considering several circumstances in totality, the harshness factor should weigh in favor of finding an extraordinary and compelling reason for granting compassionate release. Compare United States v. Amerson, No. 05-CR-0301, 2023 WL 4497767, at *6 (E.D.N.Y. July 12, 2023) (finding where, among other considered circumstances, defendant had served more than 18 years of a 32-year sentence, and suffered serious health conditions, including type II diabetes which was worsening and proving difficult for defendant to manage with necessary self-care, "the harshness of COVID-related restrictions weigh[ed] in favor of a sentence reduction even if they d[id] not independently constitute an

extraordinary and compelling reason to grant compassionate release" (emphasis added)).

Moreover, as the Government aptly argues, "none of these arguments put forth any greater basis than what the Court already rejected in connection with the [D]efendant's first motion for compassionate release." (Opp'n at 4 ("[T]he conditions present at the BOP the [D]efendant now claims as a basis for relief in the present motion were present and considered at the time of the original compassionate release motion.").) The Court agrees. In sum, the Pandemic-related conditions-of-confinement and related lack of programming of which Defendant complains, considered in context, are neither extraordinary nor compelling reasons warranting the granting of Defendant's requested compassionate release.

### 3. Rehabilitative Efforts

The Court begins by reiterating that, notwithstanding its broad discretion in considering "all possible reasons for compassionate release," "rehabilitation alone shall not be considered an extraordinary reason." Brooker, 976 F.3d at 237-38 (citing 28 U.S.C. § 944(t) (citation modified)). Further:

> What constitutes rehabilitation is left to the
> [c]ourt's discretion, but courts in this
> district have considered the following
> factors: [1] the defendant's maintenance of
> familial and societal relationships; [2]
> letters of support both from community members
> and prison staff; [3] conduct and disciplinary

> records while incarcerated; [4] any
> achievements and education obtained while
> incarcerated; [5] gains in maturity[;] and [6]
> other clear signs that a defendant's
> incarceration has had rehabilitative value.

United States v. Vasquez, 735 F. Supp. 3d 124, 133 (E.D.N.Y. 2024) (quoting United States v. Byam, No. 12-CR-0586, 2024 WL 3087956, at *10 (E.D.N.Y. July 22, 2021) (same)) (citation modified). "At minimum, 'rehabilitation requires the court to examine whether a defendant has taken responsibility for his . . . actions and acted to reintegrate [him]self into a productive society.'" Byam, 2024 WL 1556741, at *7 (quoting United States v. Blake, 89 F. Supp. 2d 328, 246 (E.D.N.Y. 2000)).

Defendant has submitted several supplementary filings providing the Court with updates of completed coursework.[2] (See, e.g., ECF No. 123, 124, 125.) While commendable, it is not enough to establish extraordinary and compelling circumstances.

Recently, in denying the compassionate release motion of an associate of the Red Stone Gorillas set of the Bloods, a gang

---

[2] When considering Defendant's first motion for compassionate release, the Court observed, "while incarcerated Defendant has been sanctioned on four separate occasions for misbehavior." (Memo & Order, ECF 112, at 3.) In its instant Opposition, the Government has not provided any update on Defendant's behavior while incarcerated. However, Defendant has self-reported a subsequent incident, for which he also provided a letter of explanation. (See Feb. 14, 2023 Ltr., ECF No. 116 at ECF pp.49-50; see also Sept. 21, 2022 Incident Report, ECF No. 116 at ECF p.51 (attempting to accept money without authority).) The Court presumes Defendant has not had any other incidents or infractions.

which operated in and around Riverhead, New York, where the defendant showed "significant strides in his rehabilitation", this Court, nonetheless, found the defendant's "commendable rehabilitation [wa]s not enough". United States v. Latney, No. 18-CR-0606, 2025 WL 1126474, at *7 (E.D.N.Y. Apr. 16, 2025). In Latney, the defendant: presented evidence of maintaining familiar relationships; provided letters of support from a prison chaplain, an attorney, and fellow inmates; and, submitted a letter of contrition.[3] See id. at *7-8. While the Court found defendant Latney's rehabilitative efforts "laudable", because there was an absence of other extraordinary and compelling reasons, "the weight his rehabilitation efforts might have added to the Court's calculus of the totality of the circumstances [wa]s without effort". Id. at *8. Hence, the Court found no grounds to reduce defendant Latney's sentence. See id.

In comparison, Defendant's showing of rehabilitative efforts are not as compelling as was those of Latney. While Defendant continues to avail himself of various courses and programs, which is praiseworthy, his proffer of rehabilitation juxtaposed with Latney's pales; for example, there has been no showing of: the maintenance of familial relationships; letters of

---

[3]    Contrary to Defendant, who appears to have remained discipline-free since September 21, 2022 (see supra note 2), defendant Latney had a blemish-free disciplinary record while incarcerated.  See Latney, 2025 WL 1126474, at *8 n.3.

support; a blemish-free disciplinary record; or other clear signs that Defendant's incarceration has had extraordinary rehabilitative value.   Moreover, in reaching its conclusion in Latney, and as is relevant here, the Court stated:

> As the Government persuasively argue[d in opposing the granting of compassionate release]:
>
>> [S]ince rehabilitation and "model prison conduct is expected" of federal inmates, the [D]efendant should not be granted compassionate release on this basis.   United States v. Veliu, No. 17-CR-0404, 2022 WL 2484240, at *5 (E.D.N.Y. July 6, 2022); see also United States v. Reyes, No. 20-3285, 2022 WL 1669388, at *1 (2d Cir. May 26, 2022) (summary order) (affirming compassionate release denial where district court "acknowledged [the defendant's] efforts toward rehabilitation, [but] nevertheless found that the [S]ection 3553(a) [F]actors weighed heavily against a sentence reduction" based on the defendant's conduct); United States v. Garcia, No. 19-CR-210 (CS), 2022 WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022) ("Maintaining good conduct in prison is not uncommon, and indeed is expected.").
>
> The Court cannot disagree.

Id. at *8 (omitting internal citation).  The same holds true here; "rehabilitation is expected of a federal inmate."  Id. at *3; see also, e.g., Alvarez, 2020 WL 4904586, at *7 ("[T]he Court finds that Defendant has not provided sufficiently exceptional evidence of his rehabilitation to warrant a reduction of his sentence.").

Thus, upon the record presented, the Court finds Defendant's rehabilitative efforts do not rise to an extraordinary or compelling level warranting compassionate release.

    C.    <u>The Section 3553(a) Factors</u>

      "[A] district court may deny a motion for compassionate release in 'sole reliance' on the Section 3553(a) [F]actors, without determining 'whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.'" <u>Jones</u>, 2023 WL 8613867, at *2; <u>see also</u> <u>Jones</u>, 17 F.4th at 374 ("[A] district court's 'reasonable evaluation of the Section 3553(a) [F]actors' is 'an alternative and independent basis for denial of compassionate release.'" (quoting <u>United States v. Robinson</u>, 848 F. App'x 477, 478 (2d Cir. 2021)).

> The [Section 3553(a) F]actors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2).

<u>United States v. Johnson</u>, 671 F. Supp. 3d 265, 283 (E.D.N.Y. 2023).

Addressing the Section 3553(a) Factors, Defendant asserts the Court should assess him as he "stands today" before the Court.  (Motion at 17.)  In pressing this position, Defendant relies upon his rehabilitative efforts.  (See id. at 20, 23; see also Reply at 6.)  He argues that individualized consideration of the Section 3553(a) Factors supports a modification of his sentence.  (See id. at 21.)

More particularly, as to consideration of the nature and circumstances of his crime, while he acknowledges his "crime cannot be belittled", Defendant also asserts "the amount of drugs and the circumstances, lessen the weight considerably here."  (Id.)  As to his history and characteristics, Defendant asks that the Court expand its lens and "consider[] the collateral damage of the now admitted failure of the War on Drugs, i.e., the social impact", arguing, in essence, that he is a victim of that alleged negative social impact, which caused him to "turn[] to the streets as a result of the destruction of the family structures in our poor communities."  (Id. at 21-22 (relying upon United States v. Bannister, 786 F. Supp. 2d 617, 631 (E.D.N.Y. 2011)).)  Finally, as to family support, without any reference to the record, Defendant baldly contends "it is well established [he] has significant family support."  (Id. at 22; see also Reply at 6.)

In opposition, the Government argues, "nothing has changed in terms of the § 3553(a) factors since the Court denied

[D]efendant's original compassionate release motion in 2021 or his habeas motion in 2022." (Opp'n at 5.) It also maintains whether Defendant is designated as a career offender is of no moment since "he remains in Criminal History Category VI--the highest possible classification--and is a 'lifelong distributor of illegal drugs at street-level quantities' who likely contributed to the death of his heroin customer and committed perjury at trial." (Id.; see also id. at note 4 (noting "[D]efendant's classification in the highest possible criminal history category still underrepresents [his] extremely lengthy record of illegal acts").) Finally, in advancing its position that Defendant's sentence "was clearly warranted as just punishment and for specific deterrence of an unrelenting recidivist", the Government highlights the sentence imposed "was half of the sentence recommended by [it] at sentencing and was 82 months below the 262[-]month sentence recommended by the Probation Department". (Id.) Hence, the Government asks that Defendant "serve the entirety of the sentence originally imposed." (Id.) Given the facts of this case and its consideration of the relevant Section 3553(a) Factors, the Court will accommodate the Government's request.

Having considered the relevant Section 3553(a) Factors, the Court finds, as it originally did, "[e]ven crediting Defendant's expression of remorse, 'there is a strong need for [him] to serve the sentence that was imposed.'" United States v.

<u>Santana</u>, No. 15-CR-0457, 2021 WL 1999406, *4 (E.D.N.Y. May 19, 2021) (quoting <u>United States v. Graham</u>, No. 16-CR-0786, 2020 WL 5604050, at *3 (S.D.N.Y. Sept.  17, 2020)).  Indeed, there is nothing before the Court that changes its original analysis of the Section 3553(a) Factors, especially given the substantial below-Guidelines sentence imposed.  <u>See</u> <u>id.</u> (explaining granting compassionate release when the Court had imposed a below-Guidelines sentence would "disserve" the purposes of the Section 3553(a) Factors); <u>cf., e.g.</u>, <u>Latney</u>, 2025 WL 1126474, at *11 (determining "Court's original consideration of the relevant Section 3553(a) Factors continue[d] to carry substantial weight").

> Rather, in its discretion, the Court finds, even if Defendant had presented extraordinary and compelling circumstances warranting compassionate release, <u>which he has not</u>, the Section 3553(a) Factors would override those circumstances.  The Court's below-Guidelines, 1[80]-month sentence of imprisonment continues to be appropriate to, <u>inter alia</u>: promote respect for the law; reflect the seriousness of the offense; provide just punishment; adequately deter criminal conduct; and protect the public from the Defendant, thereby satisfying the applicable Section 3553(a) Factors.

<u>United States v. Hopkins</u>, No. 18-CR-0606, 2024 WL 4388454, at *4 (E.D.N.Y. Oct. 2, 2024).  Relatedly, said sentence is among the best ways to communicate to the public that: they will be protected; the guilty will be punished; and, the guilty will be required to serve their entire sentences.  <u>See, e.g.</u>, <u>United States</u>

v. Brown, No. 18-CR-0604, 2024 WL 4790165, at *7 (E.D.S.Y. Nov. 14, 2024) (ruling same; stating further "for individual and general deterrence purposes, it is necessary that those who participate in the illegal drug trade, which plagues Long Island communities, be sent a clear and unambiguous message that if they do, they will be prosecuted, sentenced to substantial sentences, and be required to serve every day of those sentences" (citation modified)); cf., e.g., United States v. Lake, No. 14-CR-0264, 2023 WL 8810620, at *6 (E.D.N.Y. Dec. 20, 2023) (stating, as to gang member participating in the illicit drug trade, "those who choose to join gangs need to know they will be prosecuted, sentenced to substantial sentences, and required to serve those sentences"); United States v. Wagner, No. 17-CR-0606, 2024 WL 2801981, at *8 (E.D.N.Y. May 31, 2024) (same; quoting Lake).   In sum, having considered the nature of his conviction and his extensive criminal background, including his gang-affiliated activities, Defendant's substantial below-Guidelines sentence of 180 months incarceration continues "to be sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)."   (Statement of Reasons (sealed), ECF No. 81, § VIII.)

[Remainder of page intentionally left blank.]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Compassionate Release Motion (ECF No. 116) is **DENIED** in its entirety and without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to the Defendant at his current address of record, including the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  July 15, 2025
        Central Islip, New York